Appellant-defendant Rocky Biancardi appeals from a denial of his motion to suppress evidence in the Lorain County Court of Common Pleas. We affirm.
On August 30, 1996, Biancardi was stopped by a member of the Elyria Police Department for driving with an expired validation sticker. During the course of the traffic stop, the officer detected an odor of alcohol about Biancardi and observed other indicia of intoxication, such as watery and hearing the officer testified that his inventory search was conducted pursuant to the written police department policy in effect at the time of the traffic stop, not the policy that had been erroneously introduced into evidence at the first hearing. Further, although the applicable written policy did not expressly provide for opening the closed container, the policy did provide for incorporation of established police routine that did not conflict with any specific provision of the written policy. The officer testified that the search of the closed container was conducted as part of an established routine taught to Elyria Police Department officers. Accordingly, the trial court denied the motion to suppress on February 27, 1997. Biancardi later pled no contest to the possession and driving under the influence charges.
Biancardi timely appeals and asserts one assignment of error:
 THE TRIAL COURT ERRed [sic] IN OVERRULING APPELLANT'S MOTION TO SUPPRESS, IN VIOLATION OF THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTION FOURTEEN[,] ARTICLE I OF THE OHIO CONSTITUTION.
On appeal, Biancardi does not challenge the propriety of the traffic stop or his arrest for driving under the influence. Nor does he argue that an inventory search is impermissible in instances where a car is being impounded; such a contention would be unfounded. See State v. Suttles (Feb. 2, 1994), Summit App. No. 16333, unreported. Rather, Biancardi alleges that the trial court erred in overruling his motion to suppress because the opening Biancardi's motion to suppress.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the County of Lorain, Court of Common Pleas, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
Exceptions.
 --------------------- DANIEL B. QUILLIN FOR THE COURT
REECE, P. J., DICKINSON, J., CONCUR
(Quillin, J., retired Judge of the Ninth District Court of Appeals, sitting by assignment pursuant to Article IV, § 6(C), Constitution.)